**BARNES & THORNBURG** LLP

390 Madison Avenue, FL 12
New York, NY 10017-2509 U.S.A.
(646) 746-2000
Fax (646) 746-2001

www.btlaw.com

December 27, 2023

<u>Via ECF</u>

Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 1-8-24

Re:   <u>*United States v. Douglas Townsend*, No. 18-CR-420 (ALC), No. 18-CR-788 (ALC)</u>

Dear Judge Carter:

      I write on behalf of Douglas Townsend to respectfully request, pursuant to 18 U.S.C. § 3583(e)(1) and Federal Rule of Criminal Procedure 32.1(c)(2)(B), that the Court terminate Mr. Townsend's remaining two years and three months of supervised release. As set forth in more detail below, Mr. Townsend has had an excellent record on supervision since his release in March 2021. He has incurred no violations or other issues requiring Court intervention. While he struggled with marijuana use early in his term of supervision, Mr. Townsend has overcome those issues. He completed drug treatment at TRI Center in Manhattan ("TRI Center") on November 7, 2023 and has been drug free since June 2023. In addition, Mr. Townsend has been steadily employed since October 1, 2021, and he has a stable home life living with his significant other and her children.

      Given Mr. Townsend's successful reintegration into society, he no longer needs rehabilitative support from the Probation Department, which has already placed him on the lowest level of monitoring. U.S. Probation Officer Franklin Carvajal, who supervises Mr. Townsend, consents to early termination of his supervised release. The Government, through AUSA Christopher Close, takes no position on this request. For these reasons, we respectfully request that the Court terminate Mr. Townsend's remaining period of supervision, which would otherwise continue until March of 2026.

**I.   Background**

      On May 30, 2018, Mr. Townsend was arrested on a complaint charging him with participation in a drug conspiracy in violation of 21 U.S.C. § 846. On November 12, 2019, Mr. Townsend pleaded guilty before Magistrate Judge Katharine H. Parker to a two-count superseding information charging him with participating in a conspiracy to distribute crack in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A), and marijuana in violation of 21 U.S.C. §

Hon. Andrew L. Carter, Jr.  December 27, 2023
U.S. District Judge  Page 2

841(b)(1)(D), and to one count of possession of a firearm in relation to narcotics trafficking in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2. On March 18, 2021, Mr. Townsend was sentenced by Your Honor to time served on both counts to be followed by five years' supervised release. Mr. Townsend then commenced his term of supervised release in the Southern District of New York, which is due to expire on March 18, 2026.

Because Mr. Townsend has completed more than one year of supervision, the Court may terminate the remaining period of his supervised release if it finds early termination is warranted by his conduct on release and is "in the interests of justice." 18 U.S.C. § 3583(e)(1).

## II.     Mr. Townsend Has Successfully Reintegrated Into The Community

Since his release from incarceration more than two and a half years ago, Mr. Townsend has demonstrated a clear commitment and ability to live a productive, law-abiding life. Mr. Townsend has maintained a clean supervision record, with no violations or other issues requiring Court intervention. Indeed, U.S. Probation Officer Carvajal has characterized Mr. Townsend as a "model supervisee."

Mr. Townsend has consistently sought out work since his release. He has been employed at Duggal Vision Solutions ("Duggal") in Brooklyn as a supervisor in the shipping and packing facility since October 1, 2021, where he works on average more than fifty hours per week. Mr. Townsend's more than two years of continued employment at Duggal demonstrate his commitment to being a hard-working and responsible man and a productive member of society.

Further, Mr. Townsend has provided both material and emotional support to his significant other, her children, and his own family. Mr. Townsend has resided with his significant other and her two children in their family home since October 2021, and he has contributed to the upkeep and financial obligations of that home. Since his release, Mr. Townsend also regularly spends time with and supports his own family, including his five children and three grandchildren. In the letter that Mr. Townsend submitted to the Court in advance of his sentencing ("Sentencing Letter"), he expressed his sorrow and regret regarding his absence from the lives of his family during his incarceration; Mr. Townsend has fulfilled his commitment to making up for that lost family time.

While Mr. Townsend initially struggled with marijuana use following his release, he has moved past that and – despite being tested regularly – he has not failed a drug test since June 2023. Moreover, Mr. Townsend has worked hard on his sobriety, beginning weekly drug treatment services in September 2022 and, as noted above, completing outpatient drug treatment at TRI Center earlier last month. As this recent track record demonstrates, Mr. Townsend remains committed to trying hard to stay clean, and the Probation Office's support of this request reflects that office's view that he no longer requires supervision to do so. In fact, Mr. Townsend has confirmed that he will have continued access to the program even though it will no longer be required by U.S. Probation, and he intends to continue attending sessions.

### III. The Court Should Terminate Mr. Townsend's Supervised Release

In light of this record on supervision, and as the Probation Office agrees, Mr. Townsend no longer needs the support or structure of supervised release to assist him in his transition back into the community. To the contrary, the restrictions of supervised release at this point serve only to impede Mr. Townsend's efforts to fully reintegrate into society as an independent, law-abiding citizen. As long as Mr. Townsend remains on supervised release, he remains inextricably tied to the past unlawful conduct that he has worked diligently to move past. Even if his reporting requirements and other restrictions might seem limited, they still exist for Mr. Townsend both as a real hindrance and as a constant reminder of his past failings.

As the Supreme Court has explained, "[s]upervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000). Rather than serving as a fundamental "part of the punishment," the purpose of supervised release is rehabilitation. *Unites States v. Bethea*, No. 05 Cr. 1234 (DC), 2015 WL 13776431, at *1 (S.D.N.Y. Dec. 7, 2015) (citing *United States v. Aldeen*, 792 F.3d 247, 252 (2d Cir. 2015)). Accordingly, after considering the Section 3553(a) factors, the Court may terminate a remaining term of supervised release if the defendant has completed one year of supervision and the Court finds that early termination "is warranted by the conduct of the defendant released and in the interests of justice." 18 U.S.C. §3583(e)(1). When a defendant's "exceptionally good behavior" renders his previously imposed supervision term "either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)," early termination is appropriate. *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997); *see also United States v. Rasco*, No. 88 Cr. 817 (CSH), 2000 WL 45438, at *2 (S.D.N.Y. Jan. 19, 2000). The Court has broad discretion in determining whether and for what reason to terminate supervision and can grant early termination even absent any "new or changed circumstances." *United States v. Parisi*, 821 F.3d 342, 347 (2d Cir. 2016). For example, courts in this District have granted early termination in light of the defendant's "exceptionally good behavior" when the defendant has been fully compliant with supervision and "taken considerable strides in reintegrating into his community through employment and service to his family." *United States v. Erskine*, 05 Cr. 1234 (DC), 2021 WL 861270, at *2 (S.D.N.Y. Mar. 8, 2021).

In his Sentencing Letter, Mr. Townsend wrote (in his own words and without the assistance of counsel) that "[w]hen given the opportunity to enter back into society, my plan is to live as a law abiding citizen. I had nothing but time to think and plan for my future. I've learned and grew from my mistakes. I learned that there's nothing more valuable than to actually enjoy our freedom and enjoy the fruits of our labor." Since his release, Mr. Townsend has lived up to those words. Mr. Townsend's law-abiding conduct, years of full-time employment, commitment to his sobriety and his family, and continued improvement as a person demonstrate that he has adjusted well to life in the community. He has continued to strengthen his family relationships and surround himself with positive people, and is committed to doing so as he moves forward. As a now fifty-three-year-old man, Mr. Townsend is fully ready to put the mistakes of his past behind him and move on with his life.

Hon. Andrew L. Carter, Jr.　　　　　　　　　　　　　　　　　　December 27, 2023
U.S. District Judge　　　　　　　　　　　　　　　　　　　　　　　Page 4

　　　　In short, Mr. Townsend does not require further supervision for purposes of rehabilitation, and the restrictions imposed on Mr. Townsend's life from continued supervision serve no purpose. The Probation Office's support of this application further underscores that such supervision is no longer necessary.

　　　　Finally, it bears mentioning that Mr. Townsend suffered enhanced punishment due to his incarceration at the Queens Detention Facility during the peak of the COVID-19 pandemic in 2020, where he in fact contracted and was hospitalized with COVID-19. As multiple courts in this District have recognized, incarceration during the first year of the COVID-19 pandemic was exceptionally punishing, and these conditions resulted in a period of incarceration that was more punitive than necessary. *See, e.g., United States v. Gonzalez*, 18 Cr. 669 (JPO) (S.D.N.Y. Apr. 2, 2021), Dkt. 250, Tr. 17:17—18:3 (describing the "extraordinarily harsh" conditions of near-constant lockdowns as "basically like solitary confinement," and noting that "because it's been harsher than a usual period that it's more punitive, that it's essentially the equivalent of either time and a half or two times what would ordinarily be served"); *United States v. Cirino*, 19 Cr. 323 (JSR) (S.D.N.Y. July 17, 2020), Tr. 11:11—15 ("[I]t is fair to say that conditions in the prison system now result in a harshness that is not the norm and that ought to be recognized by the court as a mitigating factor. In effect, you are serving a harder time every day you are in the federal prisons."); *United States v. Aracena de Jesus*, No. 20 Cr. 19 (PAE) (S.D.N.Y. July 1, 2020), Tr. 37:6—11 ("Bottom line, your time in the MCC was way harder than anyone intended when you were detained following your arrest."). The interests of justice weigh in favor of accounting for this additional punishment in determining whether continued supervision is warranted.

　　　　Accordingly, for the foregoing reasons, and with the consent of the Probation Office and no objection from the U.S. Attorney's Office, we respectfully request that the Court terminate Mr. Townsend's term of supervised release. We are prepared to provide additional information should the Court have any questions.

　　　　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　　　　　Lawrence Gerschwer
　　　　　　　　　　　　　　　　　　　　　　　　Barnes & Thornburg LLP


cc:　　　AUSA Christopher J. Clore
　　　　　Unites States Probation Officer Franklin Carvajal

*The application is granted.*
*So Ordered.*
*/s/ Andrew L. Carter*
1-8-24